·tent, such new arrangement becomes patentable, unless it is such as would naturally suggest itself to persons skilled in the art to which the subject makes it akin.

That the substitution and arrangement, made by the complainant, did not naturally suggest themselves to the photographers in America or Europe,—although in both countries there were attempts made in this direction, beginning with such as may have been made in Philadelphia in 1849, and by Mr. Waldack in Belgium,—may be taken as sufficient proof, that they were not so used as to deprive the complainant of a patent for making them. The solar microscope and the photographic camera doubtless gave to the patentee the materials that he subsequently contrived and arranged in the solar camera. His merit consisted in being the first to combine the elements there taken from the two.

The last question is that of infringement. About this there can be no difficulty. It is settled by my decision sustaining the reissued patent. Whether the sun's rays are brought to bear directly upon the condensing lens, or through the agency of a mirror, can make no difference. The result is the same, and the mode in which the sun's rays are introduced, or made to strike upon the condenser at right angles to its plane, whether directly or by reflection, is immaterial. I sustain, therefore, the reissue, decide the question of originality in favor of the complainant, as well as the fact of infringement, and will sign a decree for a perpetual injunction.

———

WOODWARD (GARRETT v.). See Case No. 5,253.

———

## Case No. 18,004.

### WOODWARD v. GOULD.

[Cited in Brooks v. Jenkins. Case No. 1,953. Nowhere reported; opinion not now accessible.]

———

WOODWARD (GRIFFIN v.). See Case No. 5,818.

———

## Case No. 18,005.

### WOODWARD v. HALL.

[2 Cranch, C. C. 235.] [1]

Circuit Court, District of Columbia. April Term, 1821.

DEPOSITION—SUFFICIENCY OF CERTIFICATE—PAROL EVIDENCE.

1. The magistrate who takes a deposition under the act of congress must certify the reasons of its being taken.

2. The amount of the costs of a suit in New York may be proved by parol.

This was a suit brought to recover the amount of costs in an action in New York,

for which the defendant had agreed to be responsible.

Mr. Law, for plaintiff, offered the deposition of Richard Riker, prothonotary of the court in New York, stating the amount of the costs taxed, and a copy of the bill of costs as taxed.

Mr. Jones, for defendant, objected that the judge who took the deposition had not certified the reasons of its being taken.

Mr. Law, contra. The judge certifies that the deponent is of New York, and a counsellor at law, and that the deposition was taken at New York. The fact thus appears that the deponent resided more than one hundred miles from the place of trial, which is a good reason for taking the deposition.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the certificate was not sufficient, and for that reason rejected the deposition. But it was afterwards read, by consent, subject to the question as to the competency of the matter thereof.

Mr. Jones, for defendant, objected that the existence of the suit in New York, and the amount of the costs taxed, were matter of record, and could only be proved by an exemplification of the record; so, also, that the plaintiff was attorney in the cause. This is not a suit for the attorney's fees only, but for costs paid by the attorney.

Mr. Law, contra. The defendant, by his letter to the plaintiff, admits the existence of the suit in New York, which is equivalent to record evidence. Mr. Riker is the officer whose duty it was ·to tax the costs. When a cause is settled by the parties as this was, it is not necessary or usual to tax the costs.

THE COURT (nem. con.) was of opinion that the parol evidence was competent to prove the bill of costs.

———

WOODWARD (HUNT v.). See Case No. 6,-901.

———

## Case No. 18,006.

### WOODWARD v. ILLINOIS CENT. R. CO.

[1 Biss. 403.] [1]

Circuit Court, N. D. Illinois. July Term, 1863.

BILL OF LADING—THROUGH CONTRACT—LIABILITY OF CARRIER—EXCEPTIONS IN BILL OF LADING—MEASURE OF DAMAGES — PORTION SAVED FROM FIRE.

1. A steamboat bill of lading for the delivery of goods at a certain point, specifying the rate of freight to a more distant point, is a through contract, and binds the carrier to deliver at the latter point.

2. Although common carriers generally contract for safe transit only over their own lines, there is no valid reason why they cannot contract for the safe conveyance of freight over the different lines of communication to its place of destination.

3. The exception from fire liability inserted in a bill of lading, does not excuse the carrier in all

¹ [Reported by Hon. William Cranch, Chief Judge.]

¹ [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]